Mary Jo O'Neill, AZ Bar No. 005924
James P. Driscoll-MacEachron, AZ Bar No. 027828
Gina E. Carrillo, AZ Bar No. 030579
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**
**Phoenix District Office**
3300 North Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602) 661-0013
Fax: (602) 640-5071
Email:   mary.oneill@eeoc.gov
         james.driscoll-maceachron@eeoc.gov
         gina.carrillo@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | **CIVIL ACTION NO.:** |
| Plaintiff, | **COMPLAINT** |
| vs. | **(JURY TRIAL DEMAND)** |
| RCC Partners, LLC d/b/a Subway 701, | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Kenneth Wiley, a person with a disability who was adversely affected by such practices. As alleged with greater particularity below, the

Equal Employment Opportunity Commission alleges that RCC Partners, LLC d/b/a Subway 701 failed to provide Mr. Wiley reasonable accommodations and discharged Mr. Wiley because of his disability and/or because of his need for reasonable accommodations.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

4. The Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA. The EEOC is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

5. At all relevant times, RCC Partners, LLC (Subway), an Arizona Limited Liability Corporation, has continuously been doing business in the State of Arizona and it has continuously had at least 15 employees.

6. At all relevant times, Subway was an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111 (5), (7) which incorporates by reference Section 701(c) of Title VII 42 U.S.C § 2000e(b).

7. At all relevant times, Subway has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Charging Party Kenneth Wiley filed a charge of discrimination with the EEOC alleging Subway violated the ADA.

9. On February 11, 2021, the EEOC issued a letter of determination, finding reasonable cause to believe that Subway violated the ADA and inviting Subway to join the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. On May 28, 2021, the EEOC issued to Subway a Notice of Failure of Conciliation to Subway advising Subway that the EEOC was unable to secure a conciliation agreement acceptable to the EEOC from Subway.

11. All administrative prerequisites to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least March 2019, Subway has engaged in unlawful employment practices in Buckeye, Arizona in violation of Sections 102(a), 102(b)(5)(A), and 102(b)(5)(B) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and (b)(5)(B).

13. Mr. Wiley is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

14. Mr. Wiley has autism and ADHD, which substantially limit his brain function and substantially limit his ability to learn, concentrate, think, communicate, and work.

15. On or around March 25, 2019, Mr. Wiley applied for the position of "Sandwich Artist" with the Subway located at 410 E. Hwy Mc 85 Ste B, Buckeye, AZ 85326.

16. Mr. Wiley's mother, Marlene Wiley, met with Subway manager Malisa Queen after Mr. Wiley's application was submitted.

17. Ms. Wiley explained to Ms. Queen that Mr. Wiley has autism and ADHD and would need the reasonable accommodations in order to become a successful Sandwich Artist.

18. Ms. Wiley told Ms. Queen that Mr. Wiley's autism and ADHD cause him to need specific instructions to complete tasks, repeated instructions, redirection, and also someone to follow up with him in order to make sure he understands what to do or if he needs alternative explanation.

19. After this conversation, Subway hired Mr. Wiley as a Sandwich Artist.

20. Mr. Wiley received no formal job training.

21. Subway did not provide the requested accommodations that would have allowed Mr. Wiley to perform the essential functions of the job of Sandwich Artist.

22. After Mr. Wiley's fourth shift working without the reasonable accommodations requested, Subway assistant manager Sara Hamlin called Mr. Wiley and told him Subway was terminating him.

23. Subway terminated Mr. Wiley because of his disability and/or because of his need for reasonable accommodations.

### First Claim for Relief

### Denial of Reasonable Accommodation

### 42 U.S.C. § 12112(b)(5)(A)

24. The allegations in the foregoing paragraphs are hereby incorporated by reference.

25. Mr. Wiley is an individual with a disability as defined in 42 U.S.C. § 12012.

26. Mr. Wiley was qualified and able to perform the essential functions of the position of Sandwich Artist at Subway with a reasonable accommodation.

27. Subway knew that Mr. Wiley needed accommodations for his disability.

28. The accommodations requested for Mr. Wiley would have allowed him to perform the essential functions of the job of Sandwich Artist.

29. Subway did not provide any reasonable accommodation to Mr. Wiley.

30. By failing to provide Mr. Wiley reasonable accommodations, Subway violated the ADA, 42 U.S.C. § 12112(b)(5)(A).

31. The effect of the practices complained of in the paragraphs above has been to deprive Mr. Wiley of equal employment opportunities because of his disability.

32. The unlawful employment practices complained of in the paragraphs above were intentional.

33. The unlawful employment practices complained of in the paragraphs above were done with malice or reckless indifference to the federally protected rights of Mr. Wiley.

**Second Claim for Relief**

**Discharge because of disability and/or need for accommodation**

**42 U.S.C. § 12112(b)(5)(B)**

34. The allegations in the foregoing paragraphs are hereby incorporated by reference.

35. Mr. Wiley is an individual with a disability as defined in 42 U.S.C. § 12012.

36. Mr. Wiley was qualified and able to perform the essential functions of the position of Sandwich Artist at Subway with a reasonable accommodation.

37. Subway knew that Mr. Wiley needed accommodations for his disability.

38. The accommodations requested for Mr. Wiley would have allowed him to perform the essential functions of the job of Sandwich Artist.

39. Subway did not provide any reasonable accommodation to Mr. Wiley.

40. Subway discharged Mr. Wiley because of his disability and/or because of the need to provide him a reasonable accommodation in violation of 42 U.S.C. § 12112.

41. The effect of the practices complained of in the paragraphs above has been to deprive Mr. Wiley of equal employment opportunities because of his disability.

42. The unlawful employment practices complained of in the paragraphs above were intentional.

43. The unlawful employment practices complained of in the paragraphs above were done with malice or reckless indifference to Mr. Wiley's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Subway, its officers, successors, assigns, agents, servants, employees, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of disability.

B. Order Subway to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of Subway's unlawful employment practices.

C. Order Subway to make Mr. Wiley whole by providing other affirmative relief necessary to eradicate the effects of their unlawful employment practices including but not limited to the rightful-place hiring of Mr. Wiley.

      D.      Order Subway to make Mr. Wiley whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

      E.      Order Subway to make Mr. Wiley whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.      Order Subway to pay Mr. Wiley punitive damages for Subway's malicious and reckless conduct described above in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 10th day of September 2021.

                    GWENDOLYN YOUNG REAMS
                    Acting General Counsel

                    EQUAL EMPLOYMENT
                    OPPORTUNITY COMMISSION
                    131 M Street NE, 5th Floor
                    Washington, DC 20507-0004

                    MARY JO O'NEILL
                    Regional Attorney

                    JAMES DRISCOLL-MACEACHRON
                    Supervising Trial Attorney

|   |   |
|---|---|
| 1 | |
| 2 | /s/ Gina E. Carrillo |
|   | GINA E. CARRILLO |
| 3 | Trial Attorney |
| 4 | |
|   | EQUAL EMPLOYMENT |
| 5 | OPPORTUNITY COMMISSION |
|   | Phoenix District Office |
| 6 | 3300 North Central Avenue, Suite 690 |
| 7 | Phoenix, Arizona |
|   | 85012 |