# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>v.<br><br>RCC Partners LLC,<br><br>Defendant. | No. CV-21-01551-PHX-DLR<br><br>**ORDER AND CONSENT DECREE** |

The Court having reviewed the parties' Joint Motion to Enter Consent Decree (Doc. 30), and good cause appearing;

**IT IS ORDERED** that the parties' joint motion is GRANTED. The Consent Decree is entered as follows:

## I. RECITALS

1. This matter was instituted by Plaintiff Equal Employment Opportunity Commission, an agency of the United States government, alleging that Defendant RCC Partners, LLC d/b/a Subway 701 failed to provide Kenneth Wiley reasonable accommodations and discharged him because of his disability and/or because of his need for reasonable accommodations.

2. The Parties to this Decree are the Plaintiff EEOC and the Defendant RCC Partners, LLC.

3. The Parties, desiring to settle this action by an appropriate Consent Decree, agree to the jurisdiction of this Court over the Parties and the subject matter of this action

and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4. As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5. For the purposes of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**II. JURISDICTION**

6. The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

**III. TERM AND SCOPE**

7. The duration of this Decree shall be two (2) years from the date of signing by the Court.

8. Unless otherwise indicated, the terms of this Decree shall apply to all locations owned and/or operated by Defendant.

**IV. ISSUES RESOLVED**

9. This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the ADA that arise from EEOC Charge Number 540-2019-02842, filed by Kenneth Wiley.

10. Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered but shall cooperate in the implementation of this Decree.

**V. MONETARY RELIEF**

11. Defendant shall pay the amount of $30,000.00. This amount shall by payable to Kenneth Wiley as specified in Paragraph 13 below.

12. Defendant will not condition the receipt of individual relief upon Kenneth Wiley's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his statutory rights to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendant's facilities.

13. To resolve these claims, Defendant shall pay a total of thirty thousand dollars ($30,000) as non-pecuniary compensatory damages. The compensatory damages payment shall be reported on IRS Form 1099 and shall not be subject to any payroll taxes or withholdings.

14. The payment required under this Decree shall be mailed via certified mail to Kenneth Wiley within ten (10) calendar days after the Court's entry of this Decree, and to the address provided by the EEOC.

15. Within three (3) business days after the payment is sent to Kenneth Wiley, Defendant shall submit to the EEOC a copy of the check issued to Kenneth Wiley.

**VI. OTHER INDIVIDUAL RELIEF**

16. Defendant shall expunge from Kenneth Wiley's personnel files any and all references to (a) the allegations of discrimination filed against Defendant that formed the basis of this action; and (b) Mr. Wiley's participation in this action.

17. Within ten (10) calendar days of the effective date of this Decree, Defendant will provide Kenneth Wiley with a neutral letter of reference in the form attached as Exhibit A.

**VII. EQUITABLE RELIEF**

A.   *Injunctive Relief*

18. Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of disability.

19. Defendant, its officers, agents, successors, assigns, and other persons in active concert or participation with them, shall not retaliate in anyway against employees

because of their opposition to any practice made unlawful under the ADA. Defendant shall not retaliate against employees if they i) bring internal complaints of discrimination with the Defendant, ii) bring a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or iii) make statements that serve as the basis of a charge or testify or participate in the investigation or prosecution of an alleged violation of the ADA.

**B.** *Anti-Discrimination Policy Creation/Revision*

20. Within sixty (60) calendar days of the entry of this Decree, Defendant shall, in consultation with an outside consultant and/or legal counsel experienced in the area of employment discrimination law, review and revise its EEO policies to conform with the law. Defendant shall ensure that its policies include, at a minimum:

   a. A strong and clear commitment to preventing unlawful disability discrimination;
   b. A clear and complete definition of disability discrimination;
   c. A clear and complete definition of reasonable accommodations;
   d. A statement that disability discrimination, including unlawful denial of reasonable accommodations, is prohibited and will not be tolerated;
   e. A clear and strong encouragement of persons who believe that they have been subjected to disability discrimination, including denial of a reasonable accommodation, to report their concerns;
   f. The identification of specific individuals, with telephone numbers and email addresses, to whom employees can report concerns about disability discrimination;
   g. A clear explanation of the steps an employee can take to report disability discrimination which must include options of either oral or written complaints;
   h. An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful disability discrimination,

including but not limited to unlawful denials of requests for reasonable accommodations, and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of disability discrimination and in accordance with the requirements of Paragraph 21;

i. An assurance that Defendant will take appropriate corrective action to make victims whole and to eradicate the unlawful conduct within its workforce;

j. A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's policies against disability discrimination; and

k. A promise of maximum feasible confidentiality for persons who report unlawful disability discrimination, or who participate in an investigation into allegations of disability discrimination.

21. Defendant shall promptly, reasonably, and appropriately investigate all complaints of discrimination. The investigation must include, at a minimum, the following: (a) documentation of the complaint; (b) a finding of whether discrimination occurred; (c) a credibility assessment as appropriate; (d) interviews of all potential victims and witnesses identified, including the individual(s) alleged to have participated in or condoned the unlawful conduct; (e) a review of all documents which might shed light on the allegation, where such exist; (f) contemporaneous notes of the investigation and conclusions; and, (g) contemporaneous notes of all corrective and remedial measures where discrimination is found. Defendant shall take immediate appropriate corrective action as appropriate to make discrimination victims whole, to discipline violators, and to eradicate the discrimination.

22. Defendant shall not retain documents related to the investigation in any of the complainant's personnel files. These documents instead must be retained in a separate secure location. All disciplinary actions taken against employees for violation of

Defendant's policies will be permanently retained in the violator's personnel file. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall permanently remain in the alleged violator's file.

23. Within thirty (30) calendar days after completion of the creation of the policies or the review of the policies required under this Decree, the written policies shall be posted in a prominent location frequented by employees at each of Defendant's facilities and electronically distributed to each current employee. The policies shall also be distributed to all new employees within ten (10) calendar days of hire. Defendant shall make the written equal employment opportunity policies available in alternative formats as necessary for persons with disabilities that may prevent them from reading the policies.

24. Within forty-five (45) calendar days after completion of the creation of the policies or the review of the policies required under this Decree, Defendant shall forward a copy of the policies to the EEOC and a letter verifying that the policies were posted and distributed in accordance with Paragraphs 20, 21, and 23.

## C.     *Training*

25. Annually for the duration of this Decree, Defendant shall provide equal employment opportunity training for all its employees at each of its facilities. Under this provision, employees will be trained at a minimum in the following areas: (a) Defendant's policies and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination; (c) the penalties of engaging in discriminatory behavior; (d) Defendant's non-retaliation policy; and (e) Defendant's procedures for handling and honoring accommodation requests. All training under this Paragraph shall be at Defendant's selection and expense. Training may be by live presentation, online interactive training, and/or computer training, or any combination thereof. The training will be conducted as follows:

    a.  **Non-managerial Employees:** Each year for the duration of this Decree, Defendant will provide non-managerial employees at least 1.5 hours of training on employment discrimination, specifically

disability discrimination, protections employees have against discrimination, and methods for making complaints of discrimination. The training should also emphasize that every employee should report any behavior he or she witnesses that the employee believes to be discriminatory, regardless of who is engaged in the behavior and who the behavior is directed at.

    b.    **Supervisory and Managerial Employees:** Each year for the duration of this Decree, Defendant will require all individuals who work in a managerial or supervisory capacity for Defendant to receive at least 3.5 hours of training on the ADA and other federal anti-discrimination laws. One and a half of these hours must directly address disability discrimination. The training must also cover proper methods for receiving, handling, and investigating (where applicable) complaints of discrimination, including but not limited to complaints of disability discrimination. The training must also cover proper methods of receiving, handling, and accommodating requests for reasonable accommodations. Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite 3.5 hours of training for that year within ninety (90) days of being hired or promoted.

    c.    Notice of the training, and agenda for the training, training materials, and the resumes relating to the presenters, will be provided to the EEOC at least (10) days before each training session. Defendant agrees that the first such training session will take place within ninety (90) days after the Court's entry of this Decree. Defendant agrees that all of its personnel shall both register and attend the training sessions.

**D.**    *Notice Posting*

26. Defendant shall post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. § 1601.20 in all of its facilities.

27. Within five (5) business days after the Court's entry of this Decree, Defendant shall post in each of its facilities, in a conspicuous place frequented by employees, the Notice attached as Exhibit B to this Decree. Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the EEOC, in writing, within ten (10) days of entry of this Decree, that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Decree.

## VIII. RECORDKEEPING AND REPORTING

28. For the duration of this Decree, Defendant shall maintain all records concerning implementation of this Decree, including, but not limited to, the following:

    a. Applications;

    b. Personnel files;

    c. Payroll records;

    d. Work schedules;

    e. Records reflecting all oral and written complaints of discrimination, including but not limited to disability discrimination, and all records documenting the investigation of such complaints, including applicable witness statements, documents compiled during the investigation, any conclusions and findings, and any corrective remedial actions taken; and

    f. Records reflecting the public placement of the postings of the policies expressed in Paragraphs 26-27.

29. Defendant shall provide reports for each twelve (12) month period following the entry of this Decree. The reports shall be due August 1 of each applicable year, except

for the final report which shall be submitted to the EEOC six (6) weeks prior to the date on which the Decree is to expire.

  30. **Reporting Requirements**: Each report required under Paragraph 29 shall provide the following information:

    a. **Training**: The report shall include the following information for each training program required under this Decree conducted during the reporting period:

      1. A registry of attendance and/or certificates of completion;

      2. The identity and contact information of the consultant and/or vendor who provided the training; and

      3. A copy of the program agenda and any written materials provided during the training and/or any PowerPoint Presentations used.

    b. **Posting of Notice:** In each report, Defendant shall recertify to the EEOC that the Notice required to be posted under this Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

    c. **Kenneth Wiley's Personnel File:** In its initial report, Defendant shall certify to the EEOC that any documents that reference the charge or this action have been expunged as required by Paragraph 16 of this Decree.

    d. **Other Individual Relief:** In its initial report, Defendant shall certify to the EEOC that the letter has been provided to Mr. Wiley required by Paragraph 17 of this Decree.

    e. **Policies and Procedures:** In each report, Defendant shall report on the creation and/or revision of any policies or practices required by this Decree, as required by Paragraphs 20-24.

      f.      **Recordkeeping:** In each report, Defendant shall report on the creation and/or revision of any recordkeeping policies or practices required by this Decree, as required above.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

31. This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

32. There is no private right of action to enforce EEOC's obligations under this Decree, and only the EEOC, or its successors or assigns, may enforce Defendant's obligations under the Decree.

33. The EEOC may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

34. The EEOC will give Defendant ten (10) business days' notices of any alleged non-compliance with the terms of the Decree before initiating enforcement actions under this Decree. If Defendant has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief. The dispute resolution proceedings herein do not apply to those cases where the EEOC has determined the need to seek immediate injunctive or other extraordinary relief.

## X. EEOC AUTHORITY

35. With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the EEOC to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

36. The EEOC may review Defendant's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Defendant's attorney of record at least ten (10) business days in advance of any inspection of Defendant's documents or premises. Upon such notice, Defendant shall allow representatives of the EEOC to review its compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, interviewing employees and management officials on its premises, and inspecting its premises.

## XI. COSTS AND ATTORNEY'S FEES

37. Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII. NOTICE

38. Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by electronic mail or by certified mail, postage prepaid, as follows:

> Mary Jo O'Neill
> Regional Attorney
> EEOC Phoenix District Office
> 3300 N. Central Ave., Ste. 690
> Phoenix, AZ 85012
> mary.oneill@eeoc.gov
> jess.acosta@eeoc.gov

## XIII. SIGNATURES

39. The Parties to this Decree agree to the entry of this Decree subject to final approval by the Court.

Dated this 9th day of May, 2022.

Douglas L. Rayes
United States District Judge

SO ORDERED this _____ day of _____, 2022.

BY THE COURT:

_____
Honorable Douglas L. Rayes

BY CONSENT:

| Equal Employment Opportunity Commission | RCC Partners, LLC |
|---|---|
| By: *Mary Jo O'Neill* <br> Mary Jo O'Neill <br> Regional Attorney | By: *[signature]* |
| Date: 5/5/22 | Date: 5/3/22 |

APPROVED AS TO FORM:

*[signature]*

Michael Yeabsley
Trial Attorney
EEOC Phoenix District Office
3300 N. Central Ave., Ste. 690
Phoenix, AZ 85012

Attorney for Plaintiff EEOC

*[signature]*

Edmundo P. Robaina
Yen Pilch Robaina Kresin, PLC
6017 N. 15th Street
Phoenix, AZ 85014

Attorney for Defendant,
RCC Partners, LLC

14